No. 13725

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

AMOS A. PLOUFFE,

Plaintiff and Appellant,

-vs-

FARM & RANCH EQUIPMENT COMPANY,
a corporation,

Defendant and Respondent.

Appeal from:  District Court of the Eighth Judicial
              District,
              Honorable R. J. Nelson, Judge presiding.

Counsel of Record:

    For Appellant:

        McKittrick and Duffy, Great Falls, Montana
        Joseph Duffy argued, Great Falls, Montana

    For Respondent:

        Burton and Waite, Great Falls, Montana
        Charles M. Cruickshank, III argued, Great Falls,
          Montana

                          Submitted:  September 13, 1977
                            Decided: OCT 2 5 1977

Filed:  OCT 2 5 1977

<!-- signature --> Thomas J. Kearney
                                  Clerk

Mr. Justice Frank I. Haswell delivered the opinion of the Court.

A former employee filed a civil action against his employer to recover overtime wages and vacation pay, statutory penalties, attorney fees and costs. The district court of Cascade County denied him summary judgment and dismissed his complaint. He appeals.

Plaintiff is Amos A. Plouffe who was employed for over three years as a farm equipment mechanic by defendant Farm & Ranch Equipment Company, a corporation, engaged in sales and repair of farm equipment. Plouffe claims that between July 15, 1971 and July 28, 1972, he worked a total of 438-3/4 hours in excess of 40 hours per week for which he was paid straight time rather than the overtime rate of time and a half. He claims he is entitled to an additional $669.39 overtime pay, a statutory penalty in an equal amount, attorney fees of $350 and costs. He bases his overtime pay claim on Montana's Minimum Wages and Hours Act, section 41-2301 et seq., R.C.M. 1947. He bases his civil suit for collection of the overtime pay, statutory penalties, attorney fees and costs on Montana's Wage Payment Act, section 41-1301 et seq., R.C.M. 1947.

Plouffe also claims an additional 80 hours vacation pay in the sum of $240, a statutory penalty in an equal amount, and costs.

On August 5, 1972, Plouffe filed his claim with the Montana Department of Labor and Industry, Labor Standards Division. Subsequently, at a date unclear from the record before us, the department denied his claim.

On February 23, 1973, Plouffe filed his complaint in the district court of Cascade County seeking recovery by civil suit of the amounts set forth above. His employer answered by a general denial and plead the affirmative defenses of (1) exemption from

payment under the federal Fair Labor Standards Act, 29 USCA, Sec. 201 et seq. as amended, and (2) the bar of the statute of limitations. His employer also sought an award of $350 attorney fees as the prevailing party.

Following pretrial discovery, plaintiff Plouffe moved for summary judgment. Thereafter the district court entered findings of fact, conclusions of law and judgment to the effect that defendant employer, by the nature of its business, is exempt from the wage and overtime provisions of Montana's Minimum Wages and Hours Act and dismissed plaintiff's entire complaint. Plaintiff now appeals.

The ultimate issue for review is whether the judgment of the district court is correct. The underlying issues can be summarized as follows:

(1) Is the employer exempt from payment of overtime wages under the federal Fair Labor Standards Act?

(2) Is the employer exempt from payment of overtime wages under Montana's Minimum Wages and Hours Act?

(3) Does the federal Fair Labor Standards Act preempt the field of wage and hour regulation to the exclusion of Montana's Minimum Wages and Hours Act?

(4) Should plaintiff's entire complaint have been dismissed?

We hold that the federal Fair Labor Standards Act expressly exempts the employer in this case from paying overtime wages to plaintiff. Section 207 of the Fair Labor Standards Act provides that no employer shall employ any of his employees for a workweek longer than 40 hours unless such employee receives time and a half his regular rate of pay for the excess. Section 213 provided:

"Exemptions * * *

"(b) The provisions of Section 207 of this title shall not apply with respect to-- * * *

"(10) Any salesman, partsman, or mechanic primarily engaged in selling or servicing automobiles, trailers, trucks, farm implements, or aircraft if employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles to ultimate purchasers." (Emphasis added.) Act of September 23, 1966, P.L. 89-601, 80 Stat. 836 (1966) (Current version at 29 U.S.C. § 213(b)(10) (Supp.IV 1974)).

This exemption from payment of overtime wages clearly applies under the admitted facts of this case.

We further hold that the employer in this case is not exempt from the payment of overtime wages under Montana's Minimum Wages and Hours Act. This Act provides:

"41-2303. Compensation. (a) Except as may otherwise be provided pursuant to this act, every employer shall pay to each of his employees wages at a rate not less than provided in subsection (1) and (2) save and except for farm workers as herein defined:

" * * *

"(b) No employer shall employ any of his employees for a work week longer than forty (40) hours, unless such employee receives for his employment in excess of forty (40) hours in a work week at a rate of not less than one and one-half (1-1/2) times the hourly wage rate at which he is employed. No overtime provision shall apply for farm workers * * *."

Farm worker as defined in section 41-2302(f) " * * * means any person employed to do any service performed on a farm or ranch."

Thus the situs of the work performed is the basis of the exemption. Here the work was not performed on a farm or ranch; the exemption does not apply; and the employee is entitled to overtime wages at the rate of 1-1/2 times his regular hourly rate of pay for the hours worked in excess of 40 hours per week.

The employer argues that it is exempt from Montana's Minimum Wages and Hours Act because:

(1) The employer is subject to all the provisions of the Fair Labor Standards Act except the overtime pay provisions indicating a congressional intent to substantially cover him by its

- 4 -

provision**S**and grant him an exemption therein, (2) the Minimum Wages and Hours Act exemption of "farm workers", and (3) the Montana Labor Department ruling that the employer is not covered by our Minimum Wages and Hours Act.

The first argument is answered hereafter in our discussion of preemption. The second argument has already been answered by the definition of "farm worker" in our Minimum Wages and Hours Act. The short answer to the third argument is that the Montana Labor Department's ruling that the employee is not covered by Montana's Minimum Wages and Hours Act is incorrect. As heretofore noted, the language of the Minimum Wages and Hours Act requires payment of overtime wages to all employees and there is no exemption covering this case.

The exemption of overtime wages under the federal Fair Labor Standards Act and the absence of such exemption under Montana's Minimum Wages and Hours Act posits the principal issue on appeal: Does the federal Fair Labor Standards Act preempt the entire field of wage and hour regulation precluding state legislation on this subject?

It is conceded that Congress has the power to preempt under the commerce clause of the United States Constitution. It is equally clear that where Congress preempts the field, state laws to the contrary must yield. The supremacy clause, Art. VI, United States Constitution provides:

> "This constitution and the laws of the United
> States which shall be made in pursuance thereof,
> and all treaties made, or which shall be made,
> under the authority of the United States, shall
> be the supreme law of the land; and the judges in
> every state shall be bound thereby, anything in
> the constitution or laws of any state to the
> contrary notwithstanding."

The question in this case is whether Congress did in fact preempt the entire field of wage and hour regulation by enactment of the Fair Labor Standards Act. The issue turns on the legislative

intent of Congress.

The employer asserts that when Congress moved to regulate commerce by enactment of the Fair Labor Standards Act it pre-empted the entire field of wage and hour regulation and the states are precluded from enacting legislation concerning the same subject matter. The employer argues that it is covered by all provisions of the Fair Labor Standards Act except the over-time pay provision indicating an intention by Congress to occupy the whole field and in so preempting to grant it a specific exemption from payment of overtime wages based on a legislative policy to protect agriculture, a financially fragile industry.

The time is long past for this contention to prevail. The language of the Fair Labor Standards Act itself indicates a con-gressional intent not to preempt to the exclusion of state wage and hour laws.

> "Section 218.  Relation to other laws.
>
> "(a) No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance es-tablishing a minimum wage higher than the minimum wage established under this chapter or a maximum workweek lower than the maximum workweek es-tablished under this chapter * * *."

Case law interpreting the Fair Labor Standards Act like-wise destroys the employer's contention of congressional pre-emption.  Maneja v. Waialua Agri. Co., 349 U.S. 254, 99 L ed 1040, 75 S.Ct. 719 (1955); Divine v. Levy, 36 F.Supp. 55 (1940); Eastern Sugar Associates v. Pena, 222 F.2d 934 (1955), cert.den. 355 U.S. 900.  Perhaps the best example of denial of the employer's preemption argument and at the same time establishing state power to eliminate exemptions granted in the Fair Labor Standards Act, is the following holding:

> "This section [Sec. 218, FLSA] expressly contem-plates that workers covered by state law as well as the FLSA shall have any additional benefits pro-vided by state law--higher minimum wages; or lower

maximum work week. By necessary implication it permits state laws to operate even as to workers exempt from the FLSA." Williams v. Transit Co., 472 F.2d 1258 (1972)

State courts have similarly held no federal preemption by the Fair Labor Standards Act:

"Anticipating such an apparent conflict between the federal act and similar state legislation, the congress provided in 29 USCA Section 218(a) * * * for enforcing compliance with a state minimum wage higher and a state 'maximum workweek' lower than that established by the federal act, i.e., the statute specifically prohibits preemption, by the federal act, of any state minimum wage or maximum hour/overtime ('maximum workweek') provision more favorable to the employee than that prescribed by the federal act." State v. Comfort Cab, Inc., 118 N.J. Super. 162, 286 A.2d 742.

To the same effect see Hendrix v. Delta Airlines, La.App. 234 So.2d 93; Yellow Cab Co. v. New Jersey, 126 N.J.Super. 81, 312 A.2d 870.

The Montana attorney general has ruled likewise:

"Since the Montana Constitution and statutes enacted pursuant thereto set a lower maximum hour standard than does the Federal Act it follows as a matter of course that the Montana Eight Hour Law takes precedence and must be complied with regardless of the provisions of the Fair Labor Standards Act." Opinion 89, Opinions of the Attorney General, Feb. 8, 1950.

In summary, we hold that the Fair Labor Standards Act does not preempt the subject of wage, hour or overtime regulation to the exclusion of Montana's Minimum Wages and Hours Act; that the employer here is not exempt from payment of overtime wages under either the Fair Labor Standards Act exemption or Montana's Minimum Wages and Hours Act; and that the employee is entitled to overtime pay of $669.39 pursuant to our Minimum Wages and Hours Act under the admitted facts of this case. Accordingly, the district court was in error in dismissing plaintiff's complaint.

The findings of fact, conclusions of law and judgment of the district court are vacated. The case is remanded to the district court with directions to reinstate plaintiff's complaint; grant plaintiff partial summary judgment in the amount of $669.39

for overtime wages; for a hearing and determination of the amount to be awarded plaintiff as reasonable attorney fees; for such further proceedings as may be necessary to determine plaintiff's right to vacation pay and the statutory penalties in section 41-1302, R.C.M., on his overtime pay award and his claim for vacation pay, and for the determination and award of such costs and disbursements to plaintiff as are authorized by statute.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices