No. 81477

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

STANLEY L. CELMER,

Plaintiff and Appellant,

vs.

LLOYD SCHMITT d/b/a STANFORD MEATS,

Defendant and Respondent.

Appeal from: District Court of the Tenth Judicial District,
In and for the County of Judith Basin
Honorable LeRoy L. McKinnon, Judge presiding.

Counsel of Record:

For Appellant:

Craig R. Buehler, Mt. Legal Services, Lewistown,
Montana

For Respondent:

Lloyd Schmitt, Pro Se, Stanford, Montana

Submitted on briefs: March 25, 1982

Decided: May 20, 1982

Filed: MAY 20 1982

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This appeal arises from a ruling by the District Court of the Tenth Judicial District of the State of Montana, in and for the County of Judith Basin, disallowing Stanley Celmer's wage claim against Lloyd Schmitt. Celmer's motion for a new trial and motion to amend the judgment were denied, and this appeal followed.

Celmer was hired by Schmitt at a salary of $1,000 per month to learn meat cutting and to manage the meat cutting operation of Schmitt's agricultural business. Schmitt also provided Celmer with a house, rent free, and a $50 per month meat allowance, which was later increased to $55 per month. The rental value of the house was determined to be $225 per month.

The Schmitt business is an integrated livestock, grain and meat production enterprise, and has been classified as an agricultural enterprise by both the United States Department of Labor and the State of Montana Department of Labor and Industry. As an agricultural laborer, Celmer was hired to work up to ten hours a day for usually five and one-half days a week. He was advised prior to employment that he would be an agricultural worker, to which he agreed.

Celmer worked for Schmitt from April 9, 1980, until the morning of December 10, 1980. When he quit, he did not provide any notice to Schmitt. According to Celmer's records, he worked 135 hours of overtime during his employment with Schmitt and was not compensated for them.

Celmer presents several issues for review; however, there is but one substantial issue: Did Schmitt fail to fully compensate Celmer during the course of his employment?

The District Court concluded that the contract of employment excluded overtime payments because Celmer was compensated by salary and allowance for rent and meat. Therefore, the court ruled there was a failure on Celmer's part to prove that any wages were due.

We have reviewed the record and find that there is sufficient credible evidence to support the findings and conclusions of the District Court. Jensen v. Jensen (1981), ___ Mont. ____, 629 P.2d 765, 38 St.Rep. 927.

Celmer's contention that he was not an agricultural worker as defined by Plouffe v. Farm and Ranch Equipment Co. (1977), 174 Mont. 313, 570 P.2d 1106, and is thereby deserving of overtime wages pursuant to section 39-3-405, MCA, is without merit. The record reveals he was hired with the understanding he would be an agricultural employee and would have to perform any function required of him from Schmitt's livestock, grain and meat production enterprise.

Further, Plouffe dealt with an individual who was working as a mechanic servicing farm equipment. There is a distinction in the law between these two. It has been generally held that service type of work is excluded from the agricultural exception while meat cutting and related livestock work is not. 56 C.J.S. Master and Servant, § 151. In any event, an employee would be estopped from claiming compensation for overtime work where he failed to report it or to inform his employer that he expected compensation for it until he instituted suit after his discharge. Herman v. Golden Arrow Dairy (1937), 191 Wash. 927, 71 P.2d 581.

The judgment of the District Court is affirmed.

_____
Justice

-3-

We concur:

_____
Chief Justice

_____

_____

_____
Justices