No. 84-515

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

IN THE MATTER OF THE PETITION OF
AL CARRUTHERS AND TOM WILLIAMS,

Petitioners and Appellants,

-vs-

THE BOARD OF HORSE RACING OF THE
DEPARTMENT OF COMMERCE OF THE
STATE OF MONTANA,

Respondent and Respondent.

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Gordon Bennett, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Robert J. Holland and R. Brian Holland, Butte,
Montana

For Respondent:

Geoffrey L. Brazier, Dept. of Commerce, Helena,
Montana

Submitted on Briefs: Feb. 22, 1985

Decided: May 23, 1985

Filed: MAY 23 1985

*Ethel M. Harrison*

Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Al Carruthers and Tom Williams (hereinafter appellants) appeal from a judgment of the District Court of the First Judicial District, Lewis and Clark County, affirming a decision of the Board of Horse Racing (hereinafter Board). We affirm.

Following the eleventh race at the Last Chance Meet in Helena, Montana, on July 17, 1983, the stewards ruled on several claims of foul. One of the rulings disqualified appellants' horse from second place and moved it to eighth place.

Appellants appealed the stewards' decision to the Board and a hearing was held before the Board's hearing examiner on October 21, 1983. The evidence presented at that hearing consisted of a video tape of the race, other documentary evidence, depositions and sworn testimony. The hearing examiner's proposed findings, conclusions and order were issued on October 27, 1983. He reversed the decision of the stewards after finding there was substantial evidence that the contact between appellants' horse and another horse did not interfere with the other horse so as to affect its finish or the outcome of the race.

The Board issued a final order and decision on January 31, 1984 adopting in part the findings of fact by the hearing examiner and rejecting his decision. The Board stated that part of the findings were not based on competent substantial evidence and that the reasoning as to the effect of the contact between the horses was erroneous. The Board then affirmed the stewards' decision.

On February 29, 1984, appellants requested judicial review of the Board's decision pursuant to Montana's Administrative Procedure Act, section 2-4-101, MCA, et. seq. (MAPA). Appellants contended that their horse should be restored to second place because the Board's decision was: (1) made on unlawful procedure; (2) affected by legal error; (3) clearly erroneous in view of the evidence on record; and (4) arbitrary or capricious or an abuse of discretion. Following the Board's answer, a pretrial conference was scheduled for April 23, 1984.

At the conference, the court requested that the parties submit briefs on whether the stewards or the Board and its hearing examiner were the original triers of fact and what standards of review applied in this case. On April 24, 1984, after the conference, the District Court made this minute entry:

> "Pursuant to the pre-trial conference the Court ordered respondent [the Board] to file a brief within 10 days, petitioner [appellants] to file an opposing brief 10 days later, and respondent has 5 days thereafter to file a reply brief, at which time the matter will be deemed submitted."

The parties submitted their briefs and the District Court issued an opinion and order on July 26, 1984 affirming the decision of the Board.

Appellants filed a motion for relief from judgment, pursuant to Rule 60(b) M.R.Civ.P. They alleged surprise in that the District Court had requested the parties only brief the questions discussed at pretrial conference and had reserved discussion on other issues until a later date. The motion was deemed denied after the District Court failed to rule on it within the time limits of Rule 59(d) M.R.Civ.P.

3

Appellants present one issue on appeal:

Did the District Court err in disregarding the procedure it told the parties it would follow and in issuing a final order and judgment prior to hearing argument on the merits of the case?

At the heart of this issue stands the question of the District Court's procedure and scope of review when hearing an appeal from an administrative proceeding. Vita-Rich Dairy, Inc. v. Dept. of Bus. Reg. (1976), 170 Mont. 341, 553 P.2d 980 sets forth three basic principles in determining the scope of judicial review. First, a limited review strengthens the administrative process by encouraging full and complete presentation of evidence to the agency having specialized knowledge and experience. Second, judicial economy requires that functions be assigned according to ability. The agency is a specialist in the substantive matter and the court is a specialist in constitutional issues, statutory interpretation, the requirements of a fair hearing and the determination of whether substantial evidence supports a finding. Third, a limited judicial inquiry on the fairness of the procedure, questions of law, and the evidence supporting the decision acts as a check on the agency's actions. These principles underly the MAPA section providing for judicial review of agency action in a contested case. Section 2-4-704, MCA (part of MAPA) states, in part, as follows:

> "(1) The review shall be conducted by the court without a jury and shall be confined to the record. In cases of alleged irregularities in procedure before the agency not shown in the record, proof thereof may be taken in the court. The court, upon request, shall hear oral argument and receive written briefs.

4

"(2) The court may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

". . .

"(c) made upon unlawful procedure;

"(d) affected by other error of law;

"(e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record;

"(f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion . . . "

Appellants contend that the District Court's failure to hear oral argument as they requested prevented a full presentation of their case. Section 2-4-704(1), MCA provides that the District Court's review is generally confined to the record but that the court may hear oral argument if requested. The record on appeal does not reflect a request for oral argument. The minute entry made by the District Court after the pretrial conference states that "the matter will be deemed submitted" following the filing of briefs. The District Court's decision reflects a review of the record. Under these circumstances, the District Court did not err in reaching a decision without hearing oral argument.

Case law has clarified the standards of review set out in section 2-4-704, MCA. Findings of fact by an agency are binding on the court "if there is substantial, credible evidence in the record." City of Billings v. Billings Firefighters Local No. 521 (Mont. 1982), 651 P.2d 627, 632,

5

39 St.Rep. 1844, 1849. There is a broader scope of review on legal questions. "Where the intent of statutes is unclear, deference will be given to the agency's interpretation . . . Where it appears that the legislative intent is clearly contrary to agency interpretation, the courts will not hesitate to reverse on the basis of 'abuse of discretion.'" (Citations omitted.) City of Billings v. Billings Firefighters Local No. 521, 651 P.2d at 632. Appellants have the burden of showing their rights were substantially prejudiced by an arbitrary or capricious or clearly erroneous agency decision. City of Billings v. Montana Human Rights Commission (Mont. 1984), 681 P.2d 33, 39, 41 St.Rep. 688, 696.

In this case, appellants contended below that the District Court should reverse the agency's decision because their rights had been prejudiced. They alleged that the agency's decision was factually erroneous in view of the evidence on record, the result of legal error and based on unlawful procedure. With regard to the findings of fact, the District Court correctly found appellants had not carried their burden and the Board had properly considered the evidence in making findings different than those of the hearing examiner.

The District Court found no legal error on the record. The Board and the hearing examiner had applied different interpretations of A.R.M. §8-22.807(4) based on varying definitions of the word "jostle." The District Court correctly deferred to the Board's interpretation of the term noting they were acting within their discretion to apply a definition when "jostle" was not defined in the regulations.

6

The record reviewed by the District Court reflected proper procedure with no prejudice to appellants. The Board changed findings of fact by the hearings examiner after stating they were not based on competent, substantial evidence and modified his legal conclusions for the reasons that the hearing examiner inserted "something in the rule [A.R.M. §8-22.807] that has been omitted" and applied an incorrect standard of review. This action was within the bounds of sections 2-4-621 and 2-4-623, MCA, and the District Court correctly determined the procedure used was appropriate.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7