No. 85-375

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

ERNEST TERRY, Petitioner, on behalf
of himself and all other similarly
situated past and present employees
of defendants,

        Plaintiff and Appellant,

-vs-

BOARD OF REGENTS OF HIGHER EDUCATION
OF THE STATE OF MONTANA AND MONTANA
STATE UNIVERSITY,

        Defendants and Respondents.

APPEAL FROM:  District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas Olson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        James M. Kommers; Landoe, Brown, Planalp, Kommers and
Johnstone, Bozeman, Montana

    For Respondent:

        Roger N. Flair, Montana State University, Bozeman,
Montana
William Richardson, Dept. of Labor & Industry, Helena,
Montana

Submitted on Briefs: Oct. 24, 1985

Decided: February 18, 1986

Filed: FEB 18 1986

_____
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Ernest Terry, the plaintiff, appeals a Gallatin County District Court order granting the defendant's motion to dismiss and/or for summary judgment. The District Court upheld an administrative decision of the Labor Standards Division and determined that the plaintiff was a farm worker and an employee employed in agriculture and therefore exempt from the overtime provision of § 39-3-405(1), MCA. On appeal, plaintiff raises issues concerning judicial review of an administrative decision, his status as an employee of the University and the certification of this action as a class action suit. We affirm the order of the District Court upholding the administrative decision and granting judgment to the defendant. Therefore, we do not reach the third issue in this appeal.

The plaintiff worked at an Agricultural Experiment Station for Montana State University in Bozeman, Montana from October 1979 through March 1982. He was employed as an agricultural research technician, commonly referred to as a beef herdsman. During the term of his employment, the plaintiff resided on the Gerwin Farm or Gerwin Block. This is a 160 acre farm purchased by the University in 1957 as part of its Agricultural Experiment Station.

The plaintiff's duties as a beef herdsman consisted of the care and maintenance of the resident beef herd. He fed the cattle, provided them with salt and minerals, helped deliver calves, maintained fences and assisted with artificial insemination chores. He also maintained records neces-

sary for the management of the herd. His duties were similar in nature to those duties on any cattle farm or ranch.

In April 1982, the plaintiff submitted a claim to the Department of Labor and Industry for alleged unpaid overtime wages. The Department held a hearing on September 23, 1982, before a hearing officer of the Labor Commission. The hearing officer dismissed the plaintiff's claim on the grounds that he was a farm worker and exempt from the overtime provisions of § 39-3-405(1), MCA. After hearing oral argument on appeal, the District Court remanded the case back to the Department "for additional testimony on the nature and extent of the Gerwin Research Farm." It took the defendant's motion to dismiss and/or for summary judgment under advisement.

The Department reheard the matter on November 30, 1983. After hearing additional testimony and receiving further evidence from both parties, the hearing officer concluded that plaintiff was an agricultural employee performing labor on a farm or ranch and thus was exempt from the overtime requirement of § 39-3-405(1), MCA. He also concluded that the Gerwin Research Farm, even though it was part of an Agricultural Experiment Station and owned by the University, was a farm or ranch for the purposes of determining overtime exemptions under Montana's Minimum Wage and Overtime Act, §§ 39-3-401, et. seq., MCA.

After these findings and conclusions were transmitted to the District Court, the defendant renewed its motion to dismiss and/or for summary judgment. The District Court, after a hearing, granted the defendant's motion. Judgment in favor of the defendant was entered on April 23, 1985.

Plaintiff appeals and raises three issues:

(1) Did the District Court err when it upheld the findings of fact and conclusions of law made by the Department of Labor and Industry?

(2) Is plaintiff, as an employee of Montana State University working at an Agricultural Experiment Station, either exempted or excluded from the overtime provisions of § 39-3-405(1), MCA?

(3) Should this action be certified as a class action to adjudicate wage claims of all those persons in positions similar to this plaintiff's position?

The Montana legislature set out the scope and standard of judicial review of an administrative agency's decision in § 2-4-704, MCA, part of Montana's Administrative Procedure Act. The relevant portions of that section state:

> (1) The review shall be conducted by the court without a jury and shall be confined to the record. In cases of alleged irregularities in procedure before the agency not shown in the record, proof thereof may be taken in the court. The court, upon request, shall hear oral argument and receive written briefs.
>
> (2) The court may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> . . .
>
> (d) affected by other error of law;
>
> (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; [or]

4

> (f) arbitrary or capricious or charac-
> terized by abuse of discretion or clearly
> unwarranted exercise of discretion . . .

This Court has defined these standards further in case law. Findings are binding on the court and not "clearly erroneous" if supported by "substantial, credible evidence in the record." City of Billings v. Billings Firefighters Local No. 521 (1982), 200 Mont. 421, 431, 651 P.2d 627, 632. Appellants carry the burden of showing prejudice from a clearly erroneous decision. See, e.g., Carruthers v. Board of Horse Racing (Mont. 1985), 700 P.2d 179, 181, 42 St.Rep. 729, 732.

Plaintiff contends, as part of his first issue, that some of the administrative agency's findings of fact are not supported by substantial evidence and are therefore clearly erroneous. In particular, he challenges the findings characterizing the Gerwin Farm and the Agricultural Experiment Station as engaging in farming or ranching and characterizing his duties as similar to those of any other farm or ranch worker. Section 39-3-402(4), MCA, defines a farm or ranch as:

> . . . any endeavor primarily engaged in cultivating the soil or in connection with raising or harvesting any agricultural or horticultural commodity, including the raising, shearing, feeding, caring for, training and management of livestock, bees, and poultry and fur-bearing animals and wildlife. (Emphasis added.)

This description does not require that the employer be a farm or ranch or even primarily engaged in those listed activities. This description focuses on the activities at the situs of the work. So long as the endeavor engaged in at the particular location consists of one or more of the purposes

5

in § 39-3-402(4), MCA, the location is a "farm or ranch" for the purposes of Title 39, Chapter 3, Part 4, MCA, on minimum wage and overtime compensation. The testimony heard on remand corroborated the plaintiff's description of the Gerwin Farm as "a little small ranch on the South end of the college . . . [consisting of] . . . a barn, a house, corrals . . . " The Station's director testified that the Gerwin Farm's function is to produce livestock for research and teaching functions; it has a "normal production and sales system;" it is operated in a conventional manner; and it has "typical facilities that accompany a livestock operation" such as a barn, residence, livestock facilities and fencing, feeding and watering systems. The operations of Gerwin Farm, and similarly the Agricultural Experiment Station, fit within the statutory description of an "endeavor primarily engaged in . . . raising, . . . feeding, caring for, . . . and management of livestock . . ." We hold that the District Court properly affirmed the administrative finding that this operation was a farm or ranch within the statutory definition.

As noted above, the plaintiff disputes the findings that depict him as a farm worker or an employee engaged in agriculture, as well. Farm worker is defined in § 39-3-402(5), MCA, as "any person employed to do any service performed on a farm or ranch." (Emphasis added.) Having established that plaintiff performed his services on a farm or ranch, he fits within the statutory definition of farm worker and thus is excluded from the overtime provisions as required by § 39-3-405(2), MCA.

The plaintiff may also be described as an employee employed in agriculture, thus fitting within the

§ 39-3-406(2)(g), MCA, exclusion to the overtime provisions. Although the evidence conflicted, the plaintiff testified at the first hearing on his overtime wage claim that his duties were:

> . . . Calving cows and general mainte-
> nance of the herd, health and fence,
> feeding in winter time.
>
> Q. [by Hearing officer:] Did you have
> any other duties besides apparently
> taking care of the cattle just general
> maintenance?
>
> A. [by Ernest Terry:] Not really.

The director of the Agricultural Experiment Station testified that, as the beef herdsman, plaintiff had no responsibility for any teaching or research activities on the Gerwin Farm. Other testimony supports the characterization of the plaintiff's duties as that of an employee employed in agriculture as well. We hold that the findings that describe the plaintiff as a farm worker or employee in agriculture are supported by substantial credible evidence and are not clearly erroneous.

In the final part of his first issue, plaintiff contends that the administrative agency's conclusions of law are erroneous and an abuse of discretion and therefore should be reversed. He apparently questions only the scope or standard of review on legal questions and notes that it is broader than on factual issues because the courts are the specialists in legal issues. This Court's statement in City of Billings, expands on the language in § 2-4-704, MCA.

> Where the intent of statutes is unclear,
> deference will be given to the agency's
> interpretation . . . Where it appears
> that legislative intent is clearly con-
> trary to agency interpretation, the
> courts will not hesitate to reverse on a

the basis of "abuse of discretion."
(Citations omitted.)

200 Mont. at 431, 651 P.2d at 632. As with factual challenges, the appellant carries the burden of showing the agency's decision was incorrect. See, e.g. Carruthers, 700 P.2d at 181, 42 St.Rep. at 732.

The legal conclusions challenged by plaintiff are the subject of the second issue where he contends that the District Court's interpretations of "farm worker" and "employee employed in agriculture" as including plaintiff, are incorrect. In Plouffe v. Farm & Ranch Equipment Co. (1977), 174 Mont. 313, 316, 570 P.2d 1106, 1108, this Court determined that the basis of the exemption from overtime for farm workers is that the situs where the work is performed is a farm or ranch. That particular exemption did not apply in Plouffe because the employee did not work on a farm or ranch. Celmer v. Schmitt (1982), 198 Mont. 271, 273, 645 P.2d 946, 947, although citing Plouffe, supra, appears to consider the exclusion from overtime provisions of an "employee employed in agriculture," listed in § 39-3-406(2)(g), rather than the "farm worker" exemption. The factors which supported the holding that the plaintiff in Celmer was an agricultural employee were (1) he was advised prior to employment that he was an agricultural employee; and (2) he had to perform any function required in the defendant's livestock, grain and meat production enterprise. In the case at bar, the plaintiff performed his work on a farm or ranch, as discussed above. In addition, he was hired as a beef herdsman to do any work necessary in this defendant's livestock enterprise. We hold that the District Court correctly concluded plaintiff

8

was both a farm worker and an employee employed in agriculture and therefore not covered by the overtime provisions of § 39-3-405(1), MCA.

In his third issue, the plaintiff requests certification of his suit as a class action. Our disposition of the first two issues renders a decision on this issue unnecessary.

The order of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

9