No. 87-434

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

SWAN CORPORATION,

        Petitioner and Appellant,

-vs-

MONTANA DEPARTMENT OF REVENUE,
LIQUOR DIVISION,

        Defendant and Respondent.

APPEAL FROM:  District Court of the Second Judicial Distrit,
               In and for the County of Silver Bow,
               The Honorable Joseph B. Gary, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        R. Lewis Brown, Jr., Butte, Montana

    For Respondent:

        Paul Van Tricht, Dept. of Revenue, Tax Counsel,
        Helena, Montana

Submitted on Briefs:  April 7, 1988

Decided: June 7, 1988

Filed: JUN 7 1988

_Ethel M. Harrison_
_____
Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

Petitioner Swan Corporation (Swan) appeals from the order of the District Court of the Second Judicial District, Silver Bow County, dismissing its Petition for Judicial Review of the Order of the Montana Department of Revenue, Liquor Division (Department), which imposed a fine of $1,500 against Swan for violation of § 16-6-301, MCA. We affirm.

Swan presents four issues for review by this Court:

1. Whether the court below erred in affirming the Department's imposition of a fine against Swan.

2. Whether the court below erred in its interpretation of §§ 16-1-106 and 16-6-301(1), MCA.

3. Whether the court below erred in dismissing Swan's appeal from adverse action by the Department.

4. Whether the Department erred in finding that Swan violated the provisions of § 16-6-301(1), MCA.

The facts in this appeal are not in dispute. Paul M. "Sandy" Keith owns Swan, which in turn holds a Montana All-alcoholic Beverage license for the Red Rooster supper club in Butte. In the summer of 1984, Keith became involved in a series of transactions concerning 900 cases of Sotto Voce wine mistakenly consigned to the Port of Butte by Clan Importers of Portland, Oregon, and on which no Montana taxes had been paid.

Clan Importers authorized the Port of Butte to dispose of the wine by giving it to Craig Britton, the manager of Montana Livestock Auction, for use with animal fodder. Once in possession of the wine, however, Britton determined that it was unsuitable for use with fodder and gave some of it to

Keith. Keith sold 200 cases of the wine to the Copper King Inn of Butte for $2,000.

In March of 1985, the Department was informed that the Copper King Inn was in possession of untaxed wine. The Department met with officers of the Copper King Inn, and confiscated 163 remaining cases of Sotto Voce. The untaxed wine presented a violation of the Montana Alcoholic Beverage Code, and the ensuing investigation resulted in Keith's conviction on a plea of guilty to the charge of "unlawful sale or transfer of alcoholic beverages" in violation of § 16-6-301(4)(b), MCA, for which he was fined $250. The Department's investigator also discovered six bottles of the untaxed Sotto Voce in the wine cooler at the Red Rooster. The Department charged Swan, as the holder of the Red Rooster's liquor license, with violating the requirement in § 16-6-301(1), MCA, that liquor be sold in compliance with the Alcoholic Beverage Code.

The Department held a hearing pursuant to § 16-4-406, MCA, at which the Hearing Examiner concluded that Swan was guilty and proposed a civil penalty of $1,500. The Department issued its Final Order in the case on August 7, 1987, approving the Hearing Examiner's report and assessing the penalty. Swan then petitioned for judicial review in the District Court of the Second Judicial District. The court's dismissal of that petition is the subject of this appeal.

While Swan's brief presents four issues on appeal, the arguments presented center on the interpretation of the word "liquor" in the Department's Conclusion of Law No. 13, which was affirmed by the District Court. Swan argues it was not in violation of § 16-6-301, MCA, because table wine does not come within the code's definition of liquor found in § 16-1-106, MCA. Our inquiry thus becomes whether the court erred in affirming that "liquor," as the term as is used in §

3

16-6-301(1), MCA, includes table wine. The answer to this question is largely dispositive of the issues presented by Swan.

The District Court's review of the Department's Final Order was prescribed by § 2-4-704, MCA:

> (1) The review shall be conducted by the court without a jury and shall be confined to the record. In cases of alleged irregularities in procedure before the agency not shown in the record, proof thereof may be taken in the court. The court, upon request, shall hear oral argument and receive written briefs.
> (2) The court may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced ...

The court used as its guide City of Billings v. Billings Fire Fighters Local Number 521 (1982), 200 Mont. 421, 651 P.2d 627, in which this Court said judicial review of an agency decision under § 2-4-704, MCA, is governed by two basic standards. Findings of fact will be upheld unless they are "clearly erroneous," and conclusions of law will be upheld unless they are an "abuse of discretion." An abuse of discretion results if an agency's interpretation of a statute is clearly contrary to the legislative intent behind that statute. City of Billings, 651 P.2d at 632; see Montana Tavern Ass'n v. State (Mont. 1986), 729 P.2d 1310, 43 St.Rep. 2180; Terry v. Board of Regents of Higher Education (Mont. 1986), 714 P.2d 151, 43 St.Rep. 304. These standards will also apply to our review of the District Court.

When the events outlined above took place in 1984, § 16-6-301(1), MCA, read as follows:

4

> Except as provided by this code, no person shall, within the state, by himself, his clerk, servant, or agent, expose or keep for sale or, directly or indirectly or upon any pretense or upon any device, sell or offer to sell or, in consideration of the purchase or transfer of any property or for any other consideration or at the time of transfer of any property, give to any other person any liquor.

The code defined "liquor" in § 16-1-106(11), MCA, as "an alcoholic beverage except beer and table wine."

Swan argues to this Court that the definition of liquor in § 16-1-106(11), MCA, is "plain, direct, certain and unambiguous." Swan then marshalls case authority holding that statutory construction by a court in the face of a clear and unambiguous statute is error. However, the District Court did not construe § 16-1-106 or § 16-6-301, MCA. The court took pains to state its inability to do so when proceeding under § 2-4-704, MCA, and confined its review to determining whether the Department had abused its discretion in interpreting the statutes.

The statutory interpretation in Conclusion of Law No. 13 complained of by Swan was addressed to a change in the Alcoholic Beverage Code brought about by Initiative 81, which was passed in November, 1978. The intent of Initiative 81 was to loosen controls on the sale of table wine, and treat it in a manner similar to beer sales. One of the results of the initiative was the amendment of the code definition of liquor. Prior to 1978, the code definition of liquor had included table wine. The Department's conclusion of law stated,

> It was not the intent of this amendment, however, to completely decontrol the retail trade in table wine. Section 1 of Initiative 81 explicitly states

5

that "[t]he public policy of the State of Montana is to ... regulate and control the acquisition, importation and distribution of [table wines]." It is not reasonable to infer that the people, by excluding table wines from the definition of "liquor" now codified at section 16-6-106(11), MCA, intended to remove the table wines from the requirement in section 16-6-301, MCA, that liquor be sold only in compliance with the code. Amendatory legislation must be read with its intended object in mind and should not be construed to produce unreasonable results. State ex rel. Sol v. Bakker, 199 Mont. 385, 391-92, 649 P.2d 456, 459 (1982); State Bar v. Krivec, 632 P.2d 707, 710 (1981). The argument offered by Swan produces a result which is patently unreasonable, and it is therefore rejected.

As the District Court noted, when the Department looked at the Alcoholic Beverage Code, it was faced with an extensive set of statutes, some of which had been amended piecemeal as the result of Initiative 81. In our view, it was therefore incumbent upon the Department to examine the effect this amendment had on § 16-6-301, MCA, in order to determine whether Swan had violated the provision. This Court has held that when construing a statute, the intent of the legislature is controlling, and such intent cannot be gained from the wording of one particular section, but only from consideration of the whole. State v. Meader (1979), 184 Mont. 32, 36-37, 601 P.2d 386, 388-89. The revised definition of liquor had to be given a reasonable construction that would enable it to be harmonized with the entire statute. McClanathan v. Smith (1980), 186 Mont. 56, 60, 606 P.2d 507, 510; see In re Adoption of K.L.J.K. (Mont. 1986), 730 P.2d 1135, 43 St.Rep. 2297.

The District Court, in an effort to ensure that the Department did not abuse its discretion through a statutory interpretation at odds with legislative intent, reviewed Conclusion of Law No. 13 in light of the Department's

findings of fact, the civil nature of this case and the overall effect the definition of liquor had on the Alcoholic Beverage Code.

As to the findings of fact, § 2-4-704, MCA, prevented the District Court from substituting its own judgment for that of the Department. The findings were to be upheld unless clearly erroneous. City of Billings, 651 P.2d at 632. The District Court did not reach its judgment solely on the basis of its review of the factual findings, but used the findings as background for evaluating the contested conclusion of law. We find no abuse of discretion in the District Court's review of the findings of fact.

The District Court next reviewed the civil nature of the proceedings, which determined the standard for construing §§ 16-1-106 and 16-6-301, MCA. The fine against Swan was imposed under § 16-4-406, MCA, which states that if the Department has reasonable cause to believe a licensee, such as Swan, "has violated any of the provisions of this code or any rules of the department, it may, in its discretion . . . impose a civil penalty not to exceed $1,500 . . ." Section 16-4-406, MCA. The proceedings thus being civil, the rules of statutory construction found in §§ 1-2-102 and 1-2-103, MCA, required the Department to construe §§ 16-1-106 and 16-6-301, MCA, liberally in order to "effect their objects and promote justice." Section 1-2-103, MCA. We find no abuse of discretion in the District Court's review of the civil nature of the proceedings.

Finally, the District Court examined the Alcoholic Beverage Code in its entirety to see if in fact Swan's reading of § 16-1-106(11), MCA, would produce the unreasonable result asserted by the Department. The first example cited by the court is telling. The version of § 16-3-101, MCA, in effect in 1984 stated,

> No brewer, distiller, or manufacturer of liquor shall, within the state, by himself, his clerk, servant, or agent, give to any person any liquor except as may be permitted by and in accordance with the rules made under this code.

As the court pointed out, no mention was made of wine, but to assume that the legislature had intended that wine be excluded from the definition of liquor so any person could dispense wine in an unlawful manner outside the code would be an unreasonable result. In light of our holding in McClanathan, we find no abuse of discretion in the District Court's overall review of the Alcoholic Beverage Code.

We therefore find no abuse of discretion on the part of the District Court in reviewing the Department's construction of §§ 16-1-106 and 16-6-301(1), MCA, and conclude that the definition of liquor as the term is used in § 16-6-301(1), MCA, was intended to include table wine. In light of this conclusion, we will now address the issues posed by Swan on appeal.

ISSUE NUMBER ONE

Swan asserts that the District Court erred in affirming the Department's imposition of the fine. As stated above, § 16-4-406, MCA, allows the Department to impose civil penalties against licensees found to be in violation of the code. According to the Department's findings of fact, Swan was found in possession for sale of wine upon which no Montana tax had been paid. Because the wine came within the definition of "liquor" discussed above, these facts established that Swan was in violation of § 16-6-301(1), MCA. The Department, in its discretion, imposed a penalty pursuant to § 16-4-406, MCA. The District Court was constrained by § 2-4-704, MCA, to affirm the penalty unless its review showed

8

an abuse of discretion by the Department. We find no abuse of discretion in the District Court's affirmance of the penalty.

## ISSUE NUMBER TWO

Swan next asserts that the District Court erred in its interpretation of §§ 16-1-106(11) and 16-6-301(1), MCA. This issue has been addressed in our discussion of the definition of liquor. The court merely reviewed the Department's interpretation, and we find no error in its review.

## ISSUE NUMBER THREE

Swan also assigns error to the District Court's dismissal of Swan's appeal from the Final Order of the Department. As discussed above, the Department found Swan in violation of § 16-6-301, MCA, and imposed a fine pursuant to § 16-4-406, MCA. We have found no abuse of discretion in the District Court's action in affirming the Department's conclusion that Swan violated § 16-6-301, MCA, and its imposition of the fine. We therefore conclude the District Court likewise did not abuse its discretion in dismissing Swan's appeal from these actions.

## ISSUE NUMBER FOUR

Finally, Swan asserts that the Department erred in finding that Swan violated § 16-6-301(1), MCA. Our function, however, is to review the judgment of the District Court, not the Final Order of the Department. Section 2-4-711, MCA, M.R.App.P. 2. We have found no abuse of discretion in the court's affirmance of the Department's order.

We affirm the judgment of the District Court.

_____
Justice

9

We concur:

_____
Chief Justice

_____

_____

_____
Justices