John **KEELEY**, Timmie Orange, Ariel Kilpatrick and Charles Werdann, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

**LOOMIS FARGO & CO.**, Defendant.

Civ. No. 97–6207(DRD).

United States District Court, D. New Jersey.

June 12, 1998.

---

*Id.*

Paul Schachter, Mary P. Gallagher, Reinhardt & Schachter, P.C., Newark, NJ, for Plaintiffs.

Patricia L. Hardaway, Gay, Maher & Brown, Newark, Robert L. Thompson, David M. Vaughan, Richard M. Escoffery, Elarbee, Thompson & Trapnell, Atlanta, GA, for Defendant.

## OPINION

DEBEVOISE, Senior District Judge.

Defendant, Loomis Fargo & Co. ("Loomis Fargo"), moves to dismiss the complaint of plaintiffs John Keeley, Timmie Orange, Ariel Kilpatrick and Charles Werdann for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, the motion will be denied.

## BACKGROUND

The following statement of facts has been compiled from the complaint, which is styled as a class action complaint.

Loomis Fargo, a Delaware corporation, was created in January 1997 as a result of the merger between Wells Fargo Armored Services Corp. ("Wells Fargo") and Loomis Armored, Inc. Loomis Fargo assumed the operation of Wells Fargo's Lyndhurst, New Jersey armored car services, including its facilities, accounts, employees and equipment.

Plaintiff Keeley is the president of the United Armed Guards of America (the "Union"), which represents guards, messengers and drivers at Loomis Fargo. Keeley was employed by Loomis Fargo in various positions, including guard, driver-guard and messenger-guard, and was employed as a messenger-guard in April 1997 when he resigned to devote his full efforts to the Union. Plaintiff Orange was employed by Loomis Fargo in various positions, including guard, driver-guard and messenger-guard, and was employed as a messenger-guard in March 1997 when his employment was terminated.[1] Plaintiff Kilpatrick has been employed by Loomis Fargo as a driver-guard since in or around July 1994. Plaintiff Werdann has been employed by Loomis Fargo as an ATM technician since in or around July 1996.

Guards, driver-guards and messenger-guards load and unload armored vehicles and convey currency, coin, negotiable instruments and other valuables by way of armored vehicles primarily between the Loomis Fargo vault and the customers' premises. Guards, who may be either armed or unarmed, assist driver-guards and messenger-guards in their duties of loading, unloading and conveying property by armored vehicles. Driver-guards and messenger-guards are generally armed. Driver-guards drive the armored vehicles and assist messenger-guards in their duties. Messenger-guards load and unload vehicles and deliver property.

---

1. Orange's termination is pending review by an arbitrator.

ATM technicians, who are generally armed, load and unload vehicles and convey currency by way of vehicles primarily between the Loomis Fargo vault and the ATMs on the customers' premises. ATM technicians drive the vehicles and load currency into ATMs.

The plaintiffs allege that they consistently performed more than 40 hours of work per week and that Loomis Fargo failed to pay them at the overtime rate for the hours worked in excess of 40 hours per week. They further allege that as a matter of company-wide policy and practice Loomis Fargo regularly and consistently fails to pay required overtime pay to guards, driver-guards, messenger-guards and ATM technicians. Their complaint, in which they seek overtime pay and other relief, was filed on November 20, 1997 in New Jersey Superior Court. The action was removed to this court by Loomis Fargo on December 19, 1997 on the basis of diversity jurisdiction.

### DISMISSAL PURSUANT TO RULE 12(b)(6)

A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if the court finds "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In analyzing motions to dismiss, all allegations set forth in the complaint must be accepted as true and all reasonable inferences must be drawn in the plaintiff's favor. *Schrob v. Catterson*, 948 F.2d 1402, 1405 (3d Cir.1991). A court should allow a plaintiff to amend the complaint instead of dismissing it where "a more carefully drafted complaint might state a claim upon which relief could be granted." *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir.1985); *see Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1212 (3d Cir. 1984).

A motion to dismiss which presents the court with matters outside the pleading which are not excluded is to be treated as a motion for summary judgment and analyzed pursuant to Rule 56. Fed.R.Civ.P. 12. In such circumstances, "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Id.* However, an undisputedly authentic document attached to a motion to dismiss may be considered without converting it to a motion for summary judgment if plaintiff's claims are based upon that document. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993), *cert. denied*, 510 U.S. 1042, 114 S.Ct. 687, 126 L.Ed.2d 655 (1994).

### ANALYSIS

Loomis Fargo argues that the plaintiffs' claim for overtime pay under the New Jersey Wage and Hour Law, N.J.S.A. 34:11–56a1 *et seq.*, should be dismissed because that law is preempted by Section 13(b)(1) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 213(b)(1), to the extent that the state law requires the payment to New Jersey trucking industry employees of a premium for overtime worked. The plaintiffs respond that there is no federal preemption of New Jersey's overtime law.[2]

The FLSA provides that employers must pay certain employees at a rate not less than one and one-half times their regular hourly rate for all overtime work, i.e. those hours worked over 40 hours in a weekly pay period. 29 U.S.C. § 207(a)(1). However, the federal statute contains numerous exemptions from this overtime requirement, including an exemption for "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of [the Motor Carrier Act]," such as the plaintiffs in this action. 29 U.S.C. § 213(b)(1). The plaintiffs do not dispute that they are exempt from FLSA overtime requirements; rather, their claim for

2. In their opposition brief the plaintiffs also argue that New Jersey's overtime law should require overtime compensation to trucking industry employees based not on the state minimum wage as required by N.J.A.C. 12:56–19.3 but based instead on their regular hourly rate. Their argument for striking down this regulation goes beyond the scope of the defendants' motion to dismiss on preemption grounds and need not be addressed at this time.

overtime pay is based on the New Jersey Wage and Hour Law, which contains no such motor carrier exemption and which, Loomis Fargo contends in this motion to dismiss, is preempted by the FLSA.

■ The Supreme Court has explained that "state law is . . . pre-empted . . . where the state law stands as an obstacle to the accomplishment of the full purposes and objectives of Congress." *Silkwood v. Kerr-McGee Corp.*, 464 U.S. 238, 248, 104 S.Ct. 615, 78 L.Ed.2d 443 (1984) (citing *Hines v. Davidowitz*, 312 U.S. 52, 67, 61 S.Ct. 399, 85 L.Ed. 581 (1941)). Preemption is a question of congressional intent, "may be either express or implied, and 'is compelled whether Congress' command is explicitly stated in the statute's language or implicitly contained in its structure and purpose.'" *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 95, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983) (citation omitted).

> Absent explicit pre-emptive language, Congress' intent to supersede state law in a given area may nonetheless be implicit if a scheme of federal regulation is "so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it," if "the Act of Congress . . . touch[es] a field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject," or if the goals "sought to be obtained" and the "obligations imposed" reveal a purpose to preclude state authority.

*Wisconsin Public Intervenor v. Mortier*, 501 U.S. 597, 605, 111 S.Ct. 2476, 115 L.Ed.2d 532 (1991) (quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 67 S.Ct. 1146, 91 L.Ed. 1447 (1947)). Because the FLSA contains no express preemption of state overtime laws, the question here is whether preemption of New Jersey's overtime law is implied.

Section 18(a) of the FLSA, which is sometimes referred to as the act's "savings clause," provides that:

> No provision of this chapter . . . shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum workweek lower than the maximum workweek established under this chapter. . . .

29 U.S.C. § 218(a). Section 18(a) has been consistently interpreted by courts as evidence of Congress' intent not to preempt state regulation of hours and wages:

> This section expressly contemplates that workers covered by state law as well as FLSA shall have any additional benefits provided by the state law—higher minimum wages; or lower maximum work week. By necessary implication it permits state laws to operate even as to workers exempt from FLSA.

*Williams v. W.M.A. Transit Co.*, 472 F.2d 1258, 1261 (D.C.Cir.1972). *See also Santoni Roig v. Iberia Lineas Aereas de Espana*, 688 F.Supp. 810, 818 (D.P.R.1988) ("The FLSA expressly says that its provisions do not excuse noncompliance with state laws which establish higher standards. For example, a worker may be exempt from the FLSA overtime-pay directive but a state law may require that he be paid overtime. . . . The employer may not ignore the state law by reason of the federal law"); *Howe v. City of St. Cloud*, 515 N.W.2d 77, 80 (Minn.App. 1994) ("The FLSA does not prevent a state from applying a more generous overtime or minimum wage law").

Loomis Fargo has not presented any arguments to compel a contrary finding, nor has it cited any cases holding that Congress intended state overtime law to be preempted by the Motor Carrier Act or the FLSA. Indeed, every Circuit that has considered the issue has held that states may require employers to pay overtime wages to employees who are subject to the Motor Carrier Act and thus exempt under § 13(b)(1) of the FLSA. *See, e.g., Overnite Transp. Co. v. Tianti*, 926 F.2d 220, 222 (2d Cir.1991) (upholding Connecticut overtime law and noting that "every Circuit that has considered the issue has reached the same conclusion—state overtime wage law is not preempted by the [Motor Carrier Act] or the FLSA"); *Pettis Moving Co. v. Roberts*, 784 F.2d 439, 441 (2d

Cir.1986) ("Congress did not prevent the states from regulating overtime wages paid to workers exempt from the FLSA. [Section 18(a) ] explicitly permits states to set more stringent overtime provisions than the FLSA"); *Agsalud v. Pony Express Courier Corp. of America*, 833 F.2d 809, 810 (9th Cir.1987); *Central Delivery Serv. v. Burch*, 355 F.Supp. 954, 959 (D.Md.) ("If Congress had intended that the overtime Regulations adopted under the Motor Carrier Act should be exclusive not only of any right to overtime under the [FLSA], but also of any right to overtime under a private agreement or a State Wage and Hour Act, Congress could easily have so provided. It did not."), *aff'd*, 486 F.2d 1399 (4th Cir.1973).[3]

Moreover, the authority with respect to trucking industry employees is supported by holdings that FLSA overtime exemptions for other classifications of employees also do not require preemption of state statutes and regulations. *See, e.g., Pacific Merchant Shipping Ass'n v. Aubry*, 918 F.2d 1409 (9th Cir.1990) (seamen exempt under § 13(b)(6) not exempt under California's overtime law), *cert. denied*, 504 U.S. 979, 112 S.Ct. 2956, 119 L.Ed.2d 578 (1992); *Tidewater Marine Western, Inc. v. Bradshaw*, 14 Cal.4th 557, 59 Cal.Rptr.2d 186, 927 P.2d 296 (1996) (same), *cert. denied*, — U.S. —, 117 S.Ct. 1862, 137 L.Ed.2d 1062 (1997); *Santoni Roig*, 688 F.Supp. at 818 (air carrier employees exempt under § 13(b)(3) not exempt under Puerto Rico's overtime law); *Berry v. KRTV Communications*, 262 Mont. 415, 865 P.2d 1104 (1993) (news editor exempt under § 13(b)(9) not exempt under Montana's overtime law); *Plouffe v. Farm & Ranch Equip. Co.*, 174 Mont. 313, 570 P.2d 1106 (1977) (farm equipment mechanics exempt under § 13(b)(10) not exempt under Montana's overtime law).

Finally, it should be noted that § 18(a), the savings clause, also prohibits employers from reducing wages paid in excess of those required by the FLSA:

> No provision of this chapter shall justify any employer in reducing a wage paid by him which is in excess of the applicable minimum wage under this chapter, or justify any employer in increasing hours of employment maintained by him which are shorter than the maximum hours applicable under this chapter.

29 U.S.C. § 218(a). That private employers are prohibited from reducing wages paid and increasing hours worked is further evidence that Congress did not intend the FLSA to establish a uniform national regulation of wages and hours.

Thus, the New Jersey Wage and Hour Law is not preempted by the FLSA. Loomis Fargo's motion to dismiss on preemption grounds must be denied.

## CONCLUSION

For the reasons set forth above, the motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) will be denied.

**3.** Other courts, including New Jersey state court, have similarly found that there is no preemption of state overtime laws by the FLSA. *See, e.g., Yellow Cab Co. v. New Jersey*, 126 N.J.Super. 81, 91–94, 312 A.2d 870 (App.Div.1973) (finding no preemption in declaratory judgment action brought by state to enforce overtime requirement on behalf of taxi drivers); *Smith v. United Parcel Serv., Inc.*, 890 F.Supp. 523, 528–529 (S.D.W.Va.

1995) (granting summary judgment to employer because West Virginia overtime law specifically exempts employees exempted by the FLSA, but noting that "[Section 18(a) ] allows states to set more stringent wage laws than are mandated by the FLSA. It is undisputed state overtime protection laws apply also to employees exempt from the overtime protections of the FLSA"); *Williams*, 472 F.2d at 1261.