# Pennsylvania Department of Labor and Industry v. Whipple

*Richard Langler,* for plaintiff.
*Charles Knight,* for defendant.

RAUP, *P.J.,* October 3, 1989 — The parties' cross-motions for summary judgment arise out of plaintiff's action under the Pennsylvania Minimum Wage Act of 1968, 43 Pa.C.S. §§333.101 through 333.115, to collect overtime wages allegedly due Frederick Reeder (claimant) from his employment at Whipple's Feed & Grinding. For the following reasons, we grant plaintiff's motion for summary judgment, and deny defendants' motion.

Plaintiff is the Bureau of Labor Standards which is an administrative division of the Pennsylvania Department of Labor and Industry. As permitted by the Minimum Wage Act, the claimant has assigned his wage claim to the Secretary of Labor and Industry who has in turn delegated enforcement to the plaintiff bureau. The wage claim of the claimant

is for overtime pay which he allegedly should have been paid by defendants. 43 Pa.C.S. §333.113.

The parties presented the case on the following stipulated facts. Defendants Whipple own Whipple's Feed & Grinding, which is primarily engaged in the service of grinding corn, grain and other similar substances into feed for farmers located in North Central Pennsylvania. Claimant Reeder performed grinding services by operating two truck-mounted feed mills at various farms in the region. He did not, however, perform grinding services on any farms owned by defendants. After farmers or their employees cut or removed the grain from stalks, those individuals placed the grain to be ground in or near the farmer's barns, or in some other central location on the farm. The claimant then removed the grain from the central location, placed it in the feed mill, and either bagged the feed for farmers or arranged the feed mill to blow the ground feed into a storage location such as a grain elevator. In addition to operating the two truck-mounted feed mills which the defendants own, the claimant also performed mechanical work on the vehicles, worked in the defendants' store/warehouse, and made or picked up deliveries at another feed mill.

Defendants did not allocate claimant's various duties according to a pre-established work schedule, and neither claimant nor the defendants kept a record of the time he spent performing his tasks. The parties agreed that the claimant spent approximately 30 to 40 hours per week performing on-site grinding duties, 5 to 10 hours performing mechanical or delivery work, and 2 to 3 hours working in the defendants' store or warehouse. Claimant's rate of compensation was $5.50 per hour until November 1986 when he received a pay increase to $6 per

hour. If the court finds that the claimant is entitled to one and one-half time his regular rate for overtime, the damages would be $2002.01.

The parties further stipulated that farmers in Lycoming County frequently use feed mill services operated by millers or feed mill operators to grind grain. Defendants provided on-site grinding services to approximately 100 customers a month, and as a result the claimant frequently had to work in excess of 40 hours per week. However, the parties agree that at no time did defendants ever pay the claimant one and one-half times his hourly wage for the time worked in excess of 40 hours. Claimant contends that pursuant to the Minimum Wage Act, he is entitled to one and one-half times his regular rate for the weeks he worked in excess of 40 hours. He therefore assigned his claim to the bureau, plaintiff.

For the purposes of this proceeding only, the parties have stipulated that the defendants' employment of claimant was exempt from the federal Fair Labor Standards Act, 29 U.S.C. §201 et seq. either by virtue of the exemptions for agricultural employees found at 29 U.S.C. §213(a)(6)(A) and 29 U.S.C. §213(b)(12), or for the portion of the claim relating to earnings in 1986, because defendants' annual gross income for 1986 did not exceed $362,500, and therefore, for that year the business did not qualify as an enterprise engaged in interstate commerce for the purposes of 29 U.S.C. §§203(s)(2) and 207(a)(1). The employment was also not subject to any other federal wage and hour legislation.

Finally, the parties agree that the Dictionary of Occupational Titles published by the United States Department of Labor lists the occupations of feed grinder, custom-feed mill-operator and custom-feed mill-helper under the general category of "pro-

cessing operations" and under the industry designations of "separating, crushing, milling, chopping, grinding and related occupations."

The court must address the following issues:

(1) Whether the overtime pay exemptions for agricultural employees as set forth in the Fair Labor Standards Act pre-empt the Pennsylvania Minimum Wage Act.

(2) Whether employees of independent contractors, particularly those who grind grain for farmers, fall within the "labor on a farm" overtime exemption as set forth in section 5(a)(1) of the Minimum Wage Act.

## Whether the Overtime Pay Exemptions for Agricultural Employees in the Fair Labor Standards Act Pre-empt Coverage Under the Pennsylvania Minimum Wage Act

Defendants maintain that the FLSA exemptions for agricultural employees preclude application of the Pennsylvania Minimum Wage Act to the claimant's employment in those years when the defendants' business grossed over $362,500 (i.e., all years covered by the claim except 1986). The bureau contends that the FLSA exemptions do not affect the claimant's entitlements under the Pennsylvania Minimum Wage Act and that the claimant's entitlement must be judged solely by state law.

We find persuasive the reasoning of the Montana Supreme Court in *Plouffe v. Farm and Ranch Equipment,* 174 Mont. 313, 570 P.2d 1106 (1977), in which that court held that an employee was entitled to overtime pay under the Montana Minimum Wage Statute despite the fact that he was exempt from overtime under the federal standards. In addressing the issue of whether the federal legislation pre-empted the field of wage and hour

regulation, the *Plouffe* court examined the legislative intent behind the federal act and concluded:

"The language of the Fair Labor Standards Act itself indicates a congressional intent not to preempt to the exclusion of state wage and hour laws." 570 P.2d at 1108.

The *Plouffe* court was referring to the provisions of section 218 of the Fair Labor Standards Act which provides:

"§218. *Relation to Other Laws*

"(a) No provision of this chapter or any order thereunder shall excuse noncompliance with any federal or state law or municipal ordinance, establishing a minimum wage higher than the minimum wage established under this chapter or a maximum work week lower than the maximum work week established under this chapter. . ."

We cannot agree with defendants' somewhat tortured reading of section 218(a). We thus accept the reasoning in *Plouffe, supra,* and hold that the FLSA's agricultural overtime exemptions do not affect coverage under Pennsylvania Minimum Wage Act.

*Whether Employees of Independent Contractors, Particularly Those Who Grind Grain for Farmers, Fall Within the "Labor on the Farm" Overtime Exemption*

Plaintiff does not dispute that the claimant performed grinding services for defendants' customers and clients, but did not perform any such services on any of defendants' own farms. Therefore, plaintiff contends claimant was an employee of an independent contractor who provided services to farmers; but his employment does not constitute "labor on a farm" under the Minimum Wage Act.

Plaintiff argues that generally, statutes should be liberally construed so as to effect their objectives, 1 Pa.C.S. §1921(c). Exemptions, however, should be narrowly construed against employers. *Arnold v. Bankanowsky Inc.,* 361 U.S. 388, 392 (1960). Using these principles, plaintiff urges us to construe the "labor on the farm" exemption, 43 Pa.C.S. §333.105(a)(1) to apply to someone who is actually employed by a farmer rather than to someone who happens to be physically on farm land while working. In support of its position, plaintiff points to the definition of "labor on a farm" found in 34 Pa. Code §231.1(ii), which begins:

"The term 'labor on a farm' includes the employment of any person on a farm. . ."

It is plaintiff's position that this focus on employment refers to an employer/employee relationship between a worker and a farmer. The employee of an independent contractor who performs services on a farm is not part of such an employer/employee relationship; therefore, he or she should not fall within the "labor on the farm" exemption.

Plaintiff carries this argument one step further and applies it specifically to employees of independent contractors who grind grain on a farm. It argues that grinding and milling grain on a farm is not "labor on a farm" as seen from the face of the definition of "labor on a farm" in 34 Pa. Code §231.1(ii). That definition states:

"The term 'labor' includes the employment of any person on a farm in connection with:

"(A) Cultivating the soil;

"(B) Raising or harvesting any agricultural or horticultural commodity, including the raising or hatching of poultry and the raising, shearing, feeding, caring for, training, and management of livestock, bees, fur-bearing animals, and wildlife;

"(C) The harvesting of maple sap;

"(D) The operation, management, conservation, improvement, or maintenance of a farm and its tools or equipment; or

"(E) The operation or maintenance of ditches, canals, reservoirs, or waterways used exclusively for removing, supplying, and storing water for farming purposes."

Furthermore, plaintiff argues that because the U.S. Department of Labor has classified employment such as claimant's as part of the "separating, crushing, milling, chopping and grinding" industry, and specifically classified claimant's job as that of a "feed grinder" rather than a farm worker, the operation of feed mills has developed into a separate service which is unconnected with farming.

Defendants, however, claim that it is irrelevant whether the claimant worked for a farmer or an independent contractor. Defendants cite 43 Pa.C.S. §333.103(g), which defines an employer as ". . .any person or group of persons acting directly or indirectly in the interest of an employer in relationship to any employee." Under this definition, defendants argue that both they and the farmer are the claimant's employers, in as much as the farmer directs the claimant's actions during on-site grinding. This definition, read in conjunction with the definition of "labor on the farm" covers any person, not merely employees of the farmer.

Addressing this reasoning to persons who grind grain on a farm for use by the particular farmer, defendants argue that although grinding grain has been done off the farm at grain mills, it is traditionally a farming operation.

Defendants argue that the description of a grain farm worker in the Dictionary of Occupational Titles, section 401.683-010 places the claimant

squarely within subsections (b) and (d) of the labor on a farm exception. The description states that a grain farm worker:

"[D]rives and operates farm machinery to plant, cultivate, harvest and store grain crops such as wheat, oat, rye and corn, . . . performs a variety of other duties such as husking and shelling corn, lubricating and repairing farm machinery, unloading grain into elevators to store bins or elevators."

Defendants submit that when claimant operated the feed mill, he was harvesting a commodity, and when he repaired defendants' machines, he was maintaining equipment.

The definition of harvesting is "a gathering of crops at any time." *Cook v. Massy,* 38 Idaho 264, 220 P. 1088. The parties stipulated that grain to be ground was placed in or near the farmer's barns or in some other central location on the farm, by the farmer or his employees. Furthermore, the claimant neither cut nor removed the grain from the stalk. Given that circumstance, we cannot say that claimant did indeed harvest a crop, and we cannot accept defendants' argument that employees of independent contractors, particularly one such as the claimant, fall within the "labor on a farm" exemption.

## ORDER

And now, October 3, 1989, it is ordered and directed that defendants' motion for summary judgment is denied. It is further ordered and directed plaintiff's motion for summary judgment is granted, and that claimant Frederick A. Reeder is entitled to damages pursuant to the Pennsylvania Minimum Wage Act, 43 Pa.C.S. §333.101 et seq., in the amount of $2,002.02.