**Joshua AGSALUD, Director of Labor and Industrial Relations, State of Hawaii, Plaintiff–Appellee,**

v.

**PONY EXPRESS COURIER CORPORATION OF AMERICA, Defendant–Appellant.**

No. 86–2852.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 1987.

Decided Dec. 1, 1987.

Barbara A. Petrus, Honolulu, Hawaii, for defendant-appellant.

Bruce W. Rudeen, Honolulu, Hawaii, for plaintiff-appellee.

Before BROWNING, Chief Judge, WRIGHT and LEAVY, Circuit Judges.

PER CURIAM:

Appellant Pony Express, a carrier regulated under the federal Motor Carrier Act, 49 U.S.C. § 3101 *et seq.*, argues that the Motor Carrier Act preempts Hawaii Revised Stat. § 387–3(a) requiring employers to pay time-and-one-half for work in excess of 40 hours per week.

Three circuits have considered this contention and have rejected it. *See Pettis Moving Co. v. Roberts*, 784 F.2d 439 (2nd Cir.1986); *Central Delivery Serv. v. Burch*, 486 F.2d 1399 (4th Cir.1973), *mem. aff'g* 355 F.Supp. 954 (D.Md.); *Williams v. W.M.A. Transit Co.*, 472 F.2d 1258 (D.C. Cir.1972). We agree for the reasons adequately stated in these opinions.

*Pony Express* offers only one new contention, arguing the federal and state statutes conflict because the "practical effect" of the Hawaii overtime pay law is to set the maximum number of hours at 40 per week, whereas Department of Transportation regulations generally provide for a maximum workweek of 60 hours. 49 C.F.R. § 395.3(b). Pony Express did not show that Hawaii's overtime pay statute has the same effect as a regulation setting a firm maximum on hours worked. One need not be an economist to realize that some employers may continue to provide more than 40 hours of work even though an overtime premium is required, because paying the premium may be cheaper than the alternatives of not providing service to customers or hiring more help.

AFFIRMED.