[No. 55102–2.  En Banc.  October 20, 1988.]

THE DEPARTMENT OF LABOR AND INDUSTRIES, *Petitioner*, v. COMMON CARRIERS, INC., *Respondent*.

*Kenneth O. Eikenberry, Attorney General,* and *Byron L. Brown, Assistant,* for petitioner.

*Cone, Gilreath & Korte,* by *John P. Gilreath,* for respondent.

*Jerome L. Rubin* on behalf of Washington Trucking Associations, amicus curiae for respondent.

DOLLIVER, J.—Roy A. Draper was employed by Common Carriers, Inc. (Carriers) as a truck mechanic from January 1, 1983, to July 17, 1984. Carriers is a Washington corporation licensed by the State of Washington and the Interstate Commerce Commission (ICC) to transport passengers and freight to Washington, interstate, and Canadian destinations. Draper worked entirely within the state of Washington and worked in excess of 40 hours per week in 35 pay periods. Carriers did not pay Draper any overtime wages.

The Department of Labor and Industries (Department), responsible for the enforcement of the Washington Minimum Wage Act (WMWA) (RCW 49.46), brought a derivative overtime wage claim in the Lower District Court for Kittitas County, which found for the defendant. The matter was appealed to the Superior Court for Kittitas County, which dismissed the claim. The Department appealed; the Court of Appeals certified the case to this court.

The facts of this case are not in dispute. The issue is whether regulation of maximum hours worked in the federal Motor Carrier Act (MCA) (49 U.S.C. § 3101 *et seq.*) preempts the overtime wage provision in the WMWA. Relying on *Levinson v. Spector Motor Serv.*, 330 U.S. 649, 91 L. Ed. 1158, 67 S. Ct. 931 (1947), the Superior Court held the MCA preempted the WMWA. We reverse.

■■ Federal preemption of state law is governed by the intent of Congress. *California Fed. Sav. & Loan Ass'n v. Guerra*, 479 U.S. 272, 93 L. Ed. 2d 613, 107 S. Ct. 683 (1987). Congressional intent to preempt state law may be found in three ways. First, Congress may express a clear intent to preempt state law. *E.g., Jones v. Rath Packing Co.*, 430 U.S. 519, 525, 51 L. Ed. 2d 604, 97 S. Ct. 1305 (1977). Second, the "scheme of federal regulation [may be] sufficiently comprehensive to make reasonable the inference that Congress 'left no room' for supplementary state regulation." *Guerra*, at 281 (quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230, 91 L. Ed. 1447, 67 S. Ct. 1146 (1947)). Third, preemption will be found when there is an actual conflict between federal and state law where (1) compliance with both the federal and state law is physically impossible, *Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 10 L. Ed. 2d 248, 83 S. Ct. 1210 (1963), or (2) the state law is an "obstacle" to the "full purposes and objectives of Congress." *Hines v. Davidowitz*, 312 U.S. 52, 67, 85 L. Ed. 581, 61 S. Ct. 399 (1941); *see also Guerra*, at 281.

■ In Washington, there is a strong · presumption against finding preemption. *Pioneer First Fed. Sav. & Loan Ass'n v. Pioneer Nat'l Bank*, 98 Wn.2d 853, 659 P.2d 481 (1983). Preemption may be found only if federal law "clearly evinces a congressional *intent* to preempt state law", or there is such a "'direct and positive'" conflict "that the two acts cannot 'be reconciled or consistently stand together' . . ." *Pioneer*, at 856–57 (quoting *State v. Williams*, 94 Wn.2d 531, 538, 617 P.2d 1012, 24 A.L.R.4th 1191 (1980)).

The original MCA gave the ICC the power to set maximum hours of work for employees of interstate motor carriers. 49 U.S.C. § 304(a). This authority was later transferred to the Secretary of Transportation (Secretary) under former 49 U.S.C. § 1655(e)(6)(B)–(D), which was recodified as 49 U.S.C. § 3102. The original MCA was repealed and reenacted with minor modifications in 49 U.S.C. § 3102. Currently under the MCA, the Secretary "may prescribe requirements for . . . qualifications and maximum hours of service of employees of . . . a motor carrier . . ." 49 U.S.C. § 3102(b)(1).

The WMWA provides that no employer shall employ anyone for a work week longer than 40 hours unless such employees receive compensation for excess hours at a rate not less than 1½ times the regular rate at which they are employed. RCW 49.46.130(1).

None of the standards for finding preemption are shown here. Congress has not expressed a clear intent to preempt state overtime wage provisions. Neither Congress nor the Secretary has manifested an intent to occupy the field of overtime wage regulation. The MCA and the motor carrier regulations do not contain any requirements for rates of pay. See 49 U.S.C. § 3102; 49 C.F.R. §§ 301–399 (1987). The WMWA does not require any employee to work in excess of the maximum hours set by the Secretary nor is there any claim this occurred here. State economic regulation of hours worked up to the federal minimum safety standard does not, in the abstract, interfere with the safety goals of the MCA. See Williams v. W.M.A. Transit Co., 472 F.2d 1258, 1264 (D.C. Cir. 1972). In this case, Draper worked entirely within the state of Washington and Carriers made no factual showing of interference. The possibility of interference does not justify preemption. Hines v. Davidowitz, supra at 67.

Levinson v. Spector Motor Serv., supra, relied upon by the defendant and the Superior Court does not apply. Levinson held the power of the ICC to establish maximum working hours precluded application of the overtime wage

provision in the federal Fair Labor Standards Act. *Levinson,* at 661–62. The vesting of federal authority in the ICC, now in the Secretary, does not control the issue of concurrent jurisdiction between the federal government and the states. "There is no necessary inconsistency between enforcing rigid maximum hours of service for safety purposes and at the same time, within those limitations, requiring compliance with the increased rates of pay for overtime . . ." *Levinson,* at 661.

The four circuits which have considered this issue have rejected MCA preemption of state overtime wage statutes. *See Agsalud v. Pony Express Courier Corp. of Am.,* 833 F.2d 809 (9th Cir. 1987); *Pettis Moving Co. v. Roberts,* 784 F.2d 439 (2d Cir. 1986); *Central Delivery Serv. v. Burch,* 355 F. Supp. 954 (D. Md.), *aff'd mem.,* 486 F.2d 1399 (4th Cir. 1973); *Williams v. W.M.A. Transit Co., supra.* We concur in the results of these cases for the reasons adequately given therein.

Neither the Motor Carrier Act on its face and its interpretation by the federal courts nor the circumstances of this case dictate the preemption of the Washington Minimum Wage Act. Defendant's claim of the applicability of other statutes, *i.e.,* RCW 49.46.010, .130 and .140 and RCW 81.80.381, to its position is unpersuasive.

The Superior Court is reversed.

PEARSON, C.J., and UTTER, BRACHTENBACH, DORE, ANDERSEN, CALLOW, DURHAM, and SMITH, JJ., concur.