**OVERNITE TRANSPORTATION CO.,**
**Plaintiff–Appellant,**

v.

**Betty L. TIANTI, Commissioner of Labor of the State of Connecticut, Defendant–Appellee.**

**No. 846, Docket 90–7754.**

United States Court of Appeals, Second Circuit.

Argued Jan. 7, 1991.

Decided Feb. 19, 1991.

Steven R. Humphrey, Hartford, Conn. (Robert A. Izard, Jr. and Duncan Ross Mackay, Robinson & Cole, Hartford, Conn., of counsel) for plaintiff-appellant.

Patricia M. Strong, Asst. Atty., Gen. (Clarine Nardi Riddle, Atty. Gen. of the State of Conn., Hartford, Conn.) for defendant-appellee.

Before FEINBERG, NEWMAN and McLAUGHLIN, Circuit Judges.

PER CURIAM:

Plaintiff-appellant Overnite Transportation Co. ("Overnite"), an interstate trucking concern, filed this action against defendant-appellee Betty L. Tianti, Commissioner of Labor of the State of Connecticut (the "Commissioner") seeking a declaratory judgment that it is not obligated to pay overtime wages to its loading dock employees who work more than forty hours in one week. In a separate action that was consolidated with Overnite's suit, the Commissioner, on behalf of thirty-two loading dock workers, sought overtime wages from Overnite.

On cross-motions for summary judgment, the district court found that (1) Over-

nite's loading dock employees were not exempt from the overtime wage provisions of the Connecticut Wage and Hour Act (the "WHA"), Conn.Gen.Stat. § 31–76b *et seq.;* and (2) the WHA is not preempted by the Motor Carrier Act ("MCA"), 49 U.S.C. § 3101 *et seq.,* and the exemptions to § 7 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 213(b)(1). We affirm.

■ Section 31–76c of the WHA provides that any employee who works more than forty hours per week is entitled to one and one half times his regular hourly wage. *See* Conn.Gen.Stat. § 31–76c. The overtime wage requirements of § 31–76c are not applicable, however, to

> any driver or helper, excluding drivers or helpers employed by exempt employers, with respect to whom the Interstate Commerce Commission or the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of applicable federal law or regulation.

Conn.Gen.Stat. § 31–76i.

Overnite claims that its loading dock employees are "helpers" under the WHA and thus are exempt under § 31–76i. Overnite makes this argument notwithstanding its concession that its loading dock employees are "loaders" under the FLSA. *See* 29 C.F.R. § 782.2(b)(2) (listing loaders as one of the employees exempt from § 7 of the FLSA); 29 C.F.R. § 782.5 (defining loaders).

We reject this argument. When the Connecticut legislature enacted § 31–76i in 1967, it was virtually identical to its federal counterpart, § 13(b) of the FLSA, 29 U.S.C. § 213(b), which exempts federal overtime wage laws for *"any employee* with respect to whom the Secretary of Transportation has the power to establish qualifications

and maximum hours of service." (emphasis added). *See* Conn.Pub. Act No. 493 § 8(a)(1967).[1] *"[A]ny employee"* is defined as drivers, driver's helpers, loaders and mechanics. 29 C.F.R. § 782.2(b)(2). The Connecticut statute was amended in 1969 changing "any employee" to "any driver, excluding drivers employed by exempt employers." *See* Conn.Pub. Act No. 548 (1969). In 1971, § 31–76i was amended again to change "any driver, excluding drivers employed by exempted employers" to its present form exempting "any driver or helper, excluding drivers or helpers employed by exempt employers." *See* Conn. Pub. Act No. 93 (1971).

This legislative history amply supports the district court's conclusion that § 31–76i does not equate "loaders" with "helpers" (as defined in WHA § 31–76c) or "driver's helpers" (as defined in 29 C.F.R. § 782.4), and does not exempt loaders from the overtime wage benefits of § 31–76c. Clearly, had Connecticut intended the WHA exemptions to be identical to the exemptions provided under the FLSA, it would have retained the original language of § 31–76i. Accordingly, we find that Overnite is not exempt from providing overtime wages to its loading dock employees under Connecticut's WHA.

■ Overnite also challenges the district court's conclusion that neither the MCA nor the exemptions of the FLSA preempt the Connecticut wage law. Overnite concedes that to find error with the district court's conclusion, we must overrule our decision in *Pettis Moving Co. v. Roberts,* 784 F.2d 439 (2d Cir.1986). In *Pettis,* we held that although § 13(b)(1) of the FLSA, 29 U.S.C. § 213(b)(1),[2] exempts employees subject to the maximum hour limitations of § 304 of the MCA, 49 U.S.C. § 304,[3] from

---

**1.** The original version of § 37–76i read "the interstate commerce commission" rather than "the Secretary of Transportation." *See* Conn. Pub. Act No. 493 § 8(a)(1967). Authority over motor carrier workers was transferred from the Interstate Commerce Commission to the Secretary of Transportation in 1966. *See* 49 U.S.C. App. § 1655(e).

**2.** The provisions of Section 207 of this title shall not apply with respect to—any employee

with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of Section 304 of Title 49.
29 U.S.C. § 213(b)(1).

**3.** Section 304, which was repealed, Pub.L. No. 95–473 § 4(b), Oct. 17, 1978, *see Pettis,* 784 F.2d at 441, was subsequently reenacted, Pub.L. No. 97–449, Jan. 12, 1983, and is codified at 49

the overtime benefits provided in § 7(a)(1) of the FLSA, 29 U.S.C. § 207,[4] *see* 29 U.S.C. § 213(b)(1), "Congress did not prevent the *states* from regulating overtime wages paid to workers exempt from the FLSA." *Pettis*, 784 F.2d at 441 (emphasis added). *Pettis* thus concluded that because New York's overtime wage law did not interfere with the MCA's regulation of safety, it was not preempted. *See id.*

Overnite claims, however, that *Pettis* misinterpreted *Levinson v. Spector Motor Service*, 330 U.S. 649, 67 S.Ct. 931, 91 L.Ed. 1158 (1947). In *Levinson*, the Supreme Court explained that although there was "no necessary inconsistency" between the enforcement of both the MCA's maximum hour limitations, imposed for reasons of safety and the FLSA's overtime wage regulations, Congress did not authorize such "overlapping." *Id.* at 661–62, 67 S.Ct. at 938. Our position in *Pettis*, which we reaffirm here, is that Congress did not intend to supersede the "[t]raditional police powers of the states" merely because it chose not to permit these two federal statutes to "overlap." *Pettis*, 784 F.2d at 441. Congress' intent to allow state regulation to coexist with the federal scheme can be found in § 18(a) of the FLSA, which explicitly permits states to mandate greater overtime benefits. *See* 29 U.S.C. § 218(a). We also note that every Circuit that has considered the issue has reached the same conclusion—state overtime wage law is not preempted by the MCA or the FLSA. *See, e.g., Agsalud v. Pony Express Courier Corp.*, 833 F.2d 809 (9th Cir.1987); *Williams v. W.M.A. Transit Co.*, 472 F.2d 1258 (D.C.Cir.1972); *Central Delivery Service v. Burch*, 355 F.Supp. 954 (D.Md.), *aff'd mem.*, 486 F.2d 1399 (4th Cir.1973).

Overnite's further claim that the viability of *Pettis* has been called into question by *Farley v. Metro–North Commuter Railroad*, 865 F.2d 33 (2d Cir.1989), must also be rejected. *Farley* involved overtime wage claims brought by certain employees of the Metro–North Commuter Railroad. Significantly, however, the employees claimed that they were entitled to overtime wages pursuant to § 7 of the FLSA, not a state statute. We held that Metro–North remained "subject to the provisions ... of the Interstate Commerce Act," 29 U.S.C. § 213(b)(2), and thus exempt from § 7 of the FLSA, notwithstanding its exemption from the Interstate Commerce Act regulations, provided the regulations "were 'not necessary to carry out the [national] transportation policy.'" *Farley*, 865 F.2d at 36 (quoting 49 U.S.C. § 10505(a)(1)(1982)) (footnote omitted).

Overnite does not challenge the appropriateness of the FLSA's § 13(b)(1) exemption and its employees do not seek overtime wages pursuant to § 7(a)(1) thereof. Rather, this case concerns a *state* law regulating overtime wages. We conclude that *Farley* is inapplicable and that *Pettis* is controlling. Overnite's preemption argument thus must be rejected.

We have considered Overnite's remaining contentions and find them to be without merit. Accordingly, we affirm the judgment of the district court.

U.S.C. § 3102(b)(1). Section 3102(b)(1) provides that

> [t]he Secretary of Transportation may prescribe requirements for qualifications and maximum hours of service of employees of, and safety of operation and equipment of, a motor carrier.

49 U.S.C. § 3102(b)(1).

**4.** Section 7(a)(1) provides that

> [e]xcept as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).