[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#104) AND PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (#106)
The plaintiff, Henry Carrone, commenced this single-count action against the defendant, Chieppo Charters, Inc. on January 18, 1993, alleging that he had previously been employed by defendant as an automotive mechanic, and that the defendant refused to pay him overtime for hours worked in excess of forty hours per week. He seeks damages, punitive damages and attorney's fees pursuant to General Statutes 31-68 et seq. The defendant's answer admits only that plaintiff worked as a mechanic on the defendant's vehicles and that the plaintiff worked many weeks in excess of forty hours per week.
Before the court at this time are the defendant's motion for summary judgment (#104), and the plaintiff's motion for partial summary judgment (#106). CT Page 8226
The parties are not in dispute as to any material fact. The plaintiff was employed by the defendant as a mechanic from January 29, 1991 until November 9, 1992. During that time he sometimes worked more than a forty-hour week but was not paid any overtime wages. At oral argument on these motions the parties stipulated that the defendant was engaged in interstate commerce during the period of the plaintiff's employment and that there is no genuine issue of material fact.
The defendant's motion is based on its claim that the federal Fair Labor Standards Act ("FLSA"), and the federal Motor Carrier Act ("MCA"), pre-empt the application of Connecticut's minimum wage law for drivers and mechanics who are engaged in interstate commerce. The plaintiff's suit and his motion for partial summary judgment is premised on the claim that Connecticut's overtime wage law is not pre-empted by the FLSA or the MCA because each of these statutes contains a savings clause which permits the application of Connecticut law. The parties agree that one of the motions before the court should be granted and the other denied, depending upon the court's interpretation of the legal issue raised.
Plaintiff brings this suit pursuant to General Statutes 31-68
et seq., which contains Connecticut's overtime wage provision. Section 31-68 provides for the collection of minimum or overtime wages by an employee if an employer has paid the employee less than the minimum fair wage or overtime wage to which he is entitled, and31-76c mandates the length of an employee's workweek. Section 31-76c
states that:
 No employer, except as otherwise provided herein, shall employ any of his employees for a workweek longer than forty hours, unless such employee receives remuneration for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.
However, General Statutes 31-76i sets forth exceptions to the overtime provision of 31-76c. In pertinent part, 31-76i (a) provides that:
 The provisions of sections 31-76b to 31-76j, inclusive, shall not apply with respect to (a) CT Page 8227 any driver or helper, excluding drivers or helpers employed by exempt employers, with respect to whom the Interstate Commerce Commission or the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of applicable federal law or regulation of any employee or regulation of any employee of a carrier by air subject to the Railway Labor Act or any employee of any employer subject to said Railway Labor Act[.]
Since the parties agree that the defendant is engaged in interstate commerce as a charter bus company, this case requires an examination of certain federal statutes. The applicable federal law, for purposes of this case, is found in the Fair Labor Standards Act and the Motor Carrier Act.
In relevant part, the FLSA provides that, with respect to employers engaged in interstate commerce, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."29 U.S.C.A. 207(a)(1).
However, the FLSA contains an exemption to this overtime provision, which states, in pertinent part, that the provisions of will not apply to "(1) any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 304 of Title 49 . . . ." 29 U.S.C.A. 213(b)(1).
Section 304 of Title 49, now codified at 49 U.S.C.A. 3102(b)(1), further mandates that "[t]he Secretary of Transportation may prescribe requirements for — (1) qualifications and maximum hours of service of employees of, and safety of operation and equipment of, a motor carrier."
Pursuant to the aforesaid authority, the Secretary of Transportation has issued regulations which exempt art employee from the coverage of the forty-hour workweek proscribed by29 U.S.C.A. 207(a)(1) if the employer is an interstate motor carrier, and the employee is performing the kind of duties the plaintiff was performing in this case. Therefore, if the defendant is correct in CT Page 8228 its claim that federal law has pre-empted the state law referred to above, then there is no obligation on the part of the defendant to pay overtime to the plaintiff, and the defendant would prevail on its motion for summary judgment.
However, it is the claim of the plaintiff that the FLSA and the MCA do not pre-empt the state statutes upon which this suit is based.
The issue of pre-emption is one of federal law, and deciding whether Congress has exercised its pre-emptive power over state law is a question involving legislative intent. (Citation omitted.) Serrano v. Serrano, 213 Conn. 1, 5, 566 A.2d 413 (1989). "[A]bsent an explicit statement that Congress intends to preempt state law, courts should `infer such intent where Congress has legislated comprehensively to occupy an entire field of regulation, leaving no room for the States to supplement federal law, or where the state law at issue conflicts with federal law, either because it is impossible to comply with both, or because the state law stands as an obstacle to the accomplishment and execution of congressional objectives.'" (Citations omitted.) Id., 5.
The defendant relies on Davenport Taxi, Inc. v. State Labor Commission, 164 Conn. 373, 319 A.2d 386 (1973), to support its position that the FLSA completely precludes a state from regulating the wages, hours and overtime pay of an employee whose employer is engaged in interstate commerce. The court does not agree that Davenport has such widesweeping effect.
The court is of the opinion that the crucial issue in this case, whether FLSA and MCA pre-empt the overtime state statutes, has been definitively and precisely answered by the United States Court of Appeals, Second Circuit, in two cases.
In Pettis Moving Co., Inc. v. Roberts, 784 F.2d 439 (2d Cir. 1986), the court held that 49 U.S.C. § 304 (a) did not pre-empt anew York statute that required an employer to pay time and one-half for hours worked in excess of forty. The court recognized that Congress specifically exempted certain employees from the overtime benefits of 29 U.S.C. § 207, and that 49 U.S.C. § 304 (a) gave the Interstate Commerce Commission the power to set maximum hours of service for employees of interstate motor carriers. Id., 441. However, the court observed that "courts have long held this power be directed at highway safety, not economic or wage regulation[,]" and the court emphasized that it had "found nothing CT Page 8229 that would indicate Congress intended to regulate economic competition through the Act." (Citations omitted.) Id. The court further noted that Congress "did not prevent the states from regulating overtime wages to workers exempt from the FLSA[,]" and citing to 29 U.S.C. § 218 (a), it stated that the FLSA "explicitly permits states to set more stringent overtime provisions than the FLSA." Id. The court concluded that it would not "convert a federal law that regulates safety into one that preempts states from exercising their traditional powers of economic regulation." Id.
In Overnite Transportation Co. v. Tianti, 926 F.2d 220 (2d Cir. 1991), U.S. cert. denied, 112 S.Ct. 170 (1991), the Second Circuit, reaffirming its decision in the Pettis case, held that neither the FLSA nor the MCA pre-empted Connecticut's overtime wage law, General Statutes 31-76c. The court emphasized that "Congress' intent to allow state regulation to coexist with the federal scheme can be found in [section] 18 of the FLSA, which explicitly permits states to mandate greater overtime benefits." Id., 222, citing 29 U.S.C. § 218 (a). The court further noted that "every Circuit that has considered the issue has reached the same conclusion — state overtime wage law is not preempted by the MCA or the FLSA." (Citations omitted.) Id.
Accordingly, the court is persuaded by the reasoning employed by the Second Circuit, and finds that neither the FLSA nor the MCA pre-empts Connecticut's overtime wage provision. Having concluded that the Connecticut statutes are applicable, the only remaining question is whether General Statutes 31-76i exempts the plaintiff from its provisions. There are various categories of employees who are not included in the overtime provisions of the Connecticut statutes. However, the only mention of "mechanics" in the statute is the exclusion of mechanics who service vehicles for employers who sell vehicles. See 31-76i(O). Therefore the court concludes that the plaintiff is not excluded by the Connecticut statute and is entitled to be paid overtime for those hours worked in excess of forty hours each week.
For the reasons set forth above, the defendant's motion for summary judgment (#104) is denied and the plaintiff's partial motion for summary judgment (#106) is granted.
Hadden, J. CT Page 8230