15-3459
*Kennedy v. Equity Transp. Co., Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of September, two thousand sixteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> RICHARD C. WESLEY,
> PETER W. HALL,
> > *Circuit Judges*.

---

DONALD P. KENNEDY,

      *Plaintiff-Appellant*,

      v.                         No. 15-3459

EQUITY TRANSPORTATION COMPANY, INC.,

      *Defendant-Appellee*.

---

| | |
|---|---|
| For Plaintiff-Appellant: | CARLO A. C. DE OLIVEIRA, Cooper Erving & Savage LLP, Albany, NY. |
| For Defendant-Appellee: | ROBERT EVERETT SCOTT and Rochelle Kathleen Lawless, Gibson, McAskill & Crosby, LLP, Buffalo, NY. |

Appeal from a judgment of the United States District Court for the Northern District of

New York (Peebles, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Donald P. Kennedy appeals from an order of the United States District Court for the Northern District of New York (Peebles, *M.J.*), entered on October 22, 2015, denying his motion for summary judgment and granting Defendant-Appellee Equity Transportation Company, Inc.'s cross-motion for summary judgment. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"We review the district court's grant and denial of summary judgment *de novo*." *Zaretsky v. William Goldberg Diamond Corp.*, 820 F.3d 513, 519 (2d Cir. 2016). "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)).

Having reviewed the record and the parties' arguments, we AFFIRM for substantially the same reasons provided by the district court. But we briefly address Kennedy's main argument that the motor-carrier exemption to the overtime requirements of the Fair Labor Standards Act (FLSA), *see* 29 U.S.C. § 213(b)(1), does not apply to "drivers, such as Kennedy, even if he is part of a chain of drivers one of whom ultimately crosses state lines, when the products being transported are destined to the shipper's warehouses for inventory purposes only." Appellant's Br. at 5. Kennedy's argument is based on a misunderstanding of *Baird v. Wagoner Transportation Co.*, 425 F.2d 407 (6th Cir. 1970), and related authority, *e.g.*, Motor Carrier Interstate Transportation, 57 Fed. Reg. 19,812 (May 8, 1992), and 29 C.F.R. § 782.7(b)(2). Kennedy misreads this legal authority as stating that any shipment to a warehouse, regardless of whether that shipment crosses state lines, is not interstate within the meaning of the motor-carrier exemption if the shipper intends to store the products at the warehouse for inventory purposes.

"For certain types of shipments, the interstate nature of the transportation [for the purposes of the motor-carrier exemption] can become blurred as products are temporarily

2

warehoused or moved by various carriers—some of whom may only complete intrastate portions of the journey." *Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1155 (10th Cir. 2016). In *Baird*, for example, petroleum products were transported across state lines from Indiana to a storage facility in Michigan and then from that storage facility to other locations in Michigan; the issue was whether the intrastate transportation *from* the storage facility was the last leg of a continuous interstate journey or a new intrastate journey. *See* 425 F.2d at 408–12. To answer that question, the Sixth Circuit had to determine whether the products had "come to rest" at the storage facility. *Id.* at 412. And to make that determination, it had to decide whether the shipper had a "fixed and persisting transportation intent" to move the products beyond the storage facility at the time of shipment. *Id.* at 410 (quoting 29 C.F.R. § 782.7(b)(2)). If the shipper had such a fixed and persisting intent, the goods would not have come to rest at the facility; otherwise they would have come to rest. The Sixth Circuit concluded, based on a now outdated test, *see, e.g.*, *Roberts v. Levine*, 921 F.2d 804, 811–12 (8th Cir. 1990), that the products had come to rest at the storage facility. *See Baird*, 425 F.2d at 410–12. And because the drivers at issue in *Baird* transported products only from that storage facility to other points in the same state, the Sixth Circuit concluded that the drivers were engaged in purely intrastate transportation. *See id.* at 412. In sum, *Baird* addressed how courts must determine when the warehousing of products terminates their journey; it did not address what makes a product's journey interstate in the first place.

Here, Kennedy shuttled trailers of products from a Pepsi bottling plant in Latham, New York, to a parking lot at Exit 24 of the New York State Thruway. After arriving at the Exit 24 lot, Kennedy would unhitch his trailer, and a different driver would take that trailer in tandem with another trailer to Pepsi warehouses in New York and surrounding states. The district court noted that "[e]ven if a carrier's transportation does not cross state lines, the interstate commerce requirement is satisfied if the goods being transported within the borders of one State are

3

involved in a 'practical continuity of movement' in the flow of interstate commerce." *Kennedy v. Equity Transp. Co.*, No. 1:14-CV-0864 (DEP), 2015 WL 6392755, at *6 (N.D.N.Y. Oct. 22, 2015) (quoting *Bilyou v. Dutchess Beer Distribs., Inc.*, 300 F.3d 217, 223 (2d Cir. 2002)). It further noted correctly that "[t]hough [Kennedy] may never have personally transported a trailer across state lines, when he relayed filled trailers to the Exit 24 compound, he was essentially 'one leg of a route to an out of state destination.'" *Id.* at *7 (quoting *Bilyou*, 300 F.3d at 224). Thus, the motor-carrier exemption to the FLSA applies. *See Bilyou*, 300 F.3d at 224.

Kennedy also argues that the district court erred in dismissing his state-law claim because the motor-carrier exemption does not preempt state law. This may be true, *see Overnite Transp. Co. v. Tianti*, 926 F.2d 220, 221–22 (2d Cir. 1991), but it is irrelevant, because the district court did not hold that Kennedy's state-law claim was preempted. Rather, the district court pointed to this Court's holding that the New York Labor Law itself "applies the same exemptions as the FLSA." *Kennedy*, 2015 WL 6392755, at *8 n.8 (quoting *Reiseck v. Universal Commc'ns of Miami, Inc.*, 591 F.3d 101, 105 (2d Cir. 2010)).

We have considered all of Kennedy's contentions on appeal and have found in them no basis for reversal. For the reasons stated herein, the district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4